DAUKSCH, Judge.
This is an appeal from an order dismissing an information charging introduction of contraband into the grounds of a correctional facility. § 944.47, Fla.Stat. (1993). The question on appeal is whether a gold chain necklace is contraband under the definition in the statute. The pertinent part of the statute says:
1. Any written or recorded communication or any currency or coin given or transmitted, or intended to be given or transmitted, to any inmate of any state correctional institution.
2. Any article of food or clothing given or transmitted, ... to any inmate of any state correctional institution.
We have chosen a dictionary to define the words “clothing” and “currency.” The New Shorter Oxford English Dictionary defines clothing as “[tjhings worn to cover the body and limbs.” We have decided that a necklace does not fit within the dictionary definition any more than does any of the following when worn: a bandage, lipstick, a badge or medal, a tattoo or a mask.
We consulted the same dictionary to find the scholars’ definition of “currency.” Here it says, “The money or other commodi *359 ty which is in circulation as a medium of exchange.” While we agree with the attorney general that this gold chain necklace could be used for exchange, we do not believe it is “in circulation as a medium of exchange,” even in a prison where it is well known that cigarettes, magazines, candy and food, drugs and favors are regularly exchanged. We also believe a gold chain necklace in ordinary usage does not fall under clothing or currency.
If it is best that gold chain necklaces be made contraband then it is best the legislature do it.
AFFIRMED.
THOMPSON and ANTOON, JJ., concur.